UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-02454-MJ-MARTINEZ-BROWN

UNITED STATES OF AMERICA

vs.

JOSE ORLANDO HERNANDEZ
RODRIGUEZ and JOSE ANGEL
HERNANDEZ,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon the Government's Appeal of Release Order (D.E. No. 16). The United States is appealing the order by United States Magistrate Judge Patrick A. White following the April 13, 2011 pretrial detention hearing granting the Defendants bond. The Court has reviewed the entire record in this case, including the recording of the pretrial detention hearing. After careful consideration, the Court finds that pretrial detention is mandated in this case, because the Defendants have not rebutted the presumption that they pose a flight risk. Accordingly, Magistrate Judge White's prior order setting bond for Defendants Jose Orlando Hernandez Rodriguez ("Jose Orlando") and Jose Angel Hernandez ("Jose Angel") is vacated and both Defendants are ordered detained pending the trial of this matter.

### I. Background

According to the evidence proffered at the April 13, 2011 hearing, both Defendants were arrested after picking up and loading a crate shipped through Federal Express containing approximately 241.36 kilograms of marijuana with a street value of approximately $550,000 to

$600,000. The marijuana was clearly visible inside the open crate. Both Defendants are charged with violating Title 21, United States Code, Section 841(a)(1). This statute carries a maximum term of imprisonment of ten years or more.

Both Defendants reside in Orlando, Florida. All the family members that both Defendants disclosed to pretrial services also reside in Orlando, Florida. Neither Defendant has any wage or hour history in Florida, and neither Defendant disclosed any ties to the Southern District of Florida. Both Defendants have valid United States passports.

Based on the criminal history he has disclosed, Defendant Jose Orlando is facing a guidelines sentence of approximately 70-87 months. Defendant Jose Angel is facing a guidelines sentence of approximately 63-78 months.

Family members for both Defendants were present at the pretrial detention hearing and presented evidence that they remain supportive of Defendants. At the conclusion of the pretrial detention hearing, Judge White granted both Defendants a $25,000 10% bond combined with a $50,000 personal surety bond with co-signers along with the standard conditions of bond. The government has appealed the denial of pretrial detention and the granting of bond on the ground that the Defendants did not rebut the presumption that they pose a risk of flight.

## II. Analysis

Eighteen U.S.C. 3142(e)(3) provides as follows:

(3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
    (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter

705 of title 46

18 U.S.C. § 3142(e)(3)(A). "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." *United States v. Allen*, 891 F. Supp. 594, 597 (S.D. Fla. 1995). "If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is either a flight risk or a danger to the community." *United States v. Rivera*, 90 F. Supp. 2d 1338, 1342 (S.D. Fla. 2000), *aff'd*, 273 F.3d 397 (11th Cir. 2001).

"Ties to the community is one of the indicia that courts look to in evaluating the flight risk of a defendant." *Id.* at 1343 (citing 18 U.S.C. § 3142(g)(3)(A)). "The relevant community is, of course, the community in which the defendant faces prosecution. In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought." *Id.* (citing *United States v. Adipietro*, 773 F. Supp. 1270, 1273 (W.D. Mo. 1991)).

In this case, the evidence presented by the Defendants to rebut the presumption of risk of flight was their United States citizenship and their family ties to Orlando. In the *Rivera* case, a court in this district faced virtually identical factual circumstances. The court stated that "[the defendant] has presented evidence of strong ties to the Middle District of Florida (the judicial district encompassing Orlando); but he has provided no evidence linking him to the Southern District of Florida, aside from the fact the he has a sister who resides in Miami." *Rivera*, 90 F. Supp. 2d at 1343. "The evidence of [the defendant]'s business and family roots in Orlando does not serve to rebut the statutory presumption that he is a flight risk from the Southern District of

Florida." *Id.* *Rivera* was affirmed on appeal. *United States v. Rivera*, 273 F.3d 397 (11th Cir. 2001). In this case, neither Defendant presented evidence of a single relative or business interest in the Southern District of Florida. Their ties to Orlando do not serve to rebut the presumption that they are flight risks from this district. Accordingly, the presumption applies and, based on the presumption along with evidence in the record regarding the 18 U.S.C. § 3142(g) factors, the Court concludes that Defendants present a flight risk. It is therefore

**ORDERED AND ADJUDGED** that

1. The Government's Appeal of Release Order **(D.E. No. 16)** is **GRANTED**.

2. Magistrate Judge White's prior order setting bond for Defendant Jose Orlando Hernandez Rodriguez and Defendant Jose Angel Hernandez is vacated.

3. Both Defendants are ordered detained pending the trial of this matter.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of April, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
Magistrate Judge White
All Counsel of Record